IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LITCHFORD & CHRISTOPHER, PROFESSIONAL ASSOCATION, a Florida Professional Services Corp. and HAL K. LITCHFORD, an individual, | ) ) ) ) ) | FILED: MAY 23, 2008 08CV3035   RCC JUDGE KENNELLY MAGISTRATE JUDGE COX |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. |
| LEGAL VIDEO SERVICES, INC., an Illinois Corporation, and LAURA DOMINIAK, an individual, | ) ) ) ) | |
| Defendants. | ) ) | |

**NOTICE OF REMOVAL**

To:   Ms. Christine M. Ho
       Litchford & Christopher, P.A.
       390 North Orange Avenue
       Post Office Box 1549
       Orlando, FL 32802

PLEASE TAKE NOTICE that pursuant to 28 USC 1441, 28 USC 1446(a), 28 USC 1331 and/or 28 USC 1332(a), Defendants LEGAL VIDEO SERVICES, INC. and LAURA DOMINIAK, by and through their attorneys, Law Offices of Thaddeus M. Bond Jr. & Associates, P.C., hereby remove to the United States District Court for the Northern District of Illinois, Eastern Division, from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, the case styled *Litchford & Christopher, Professional Association and Hal K. Litchford vs. Legal Video Services, Inc. and Laura Dominiak*, Case No. 08 CA 10045.

1

Removal is appropriate on the basis of original jurisdiction as the Plaintiffs' Complaint raises a federal question and a matter affecting rights among the courts of the State of Illinois and the State of Florida. To wit, Plaintiff attacks a) the issuance of legal process by the Circuit Court of Cook County, Illinois, b) the determination by both an Illinois trial judge and the First District Appellate Court that the Illinois courts have jurisdiction over the Defendants, c) the propriety of the Defendants' civil lawsuit in an Illinois state court even though that lawsuit has not yet proceeded to trial and there has been no final order or judgment entered in the case and d) asserts a claim of a frivolous lawsuit having been brought in Illinois even though the Plaintiffs have not sought any relief in Illinois in that regard including any claim for sanctions under Illinois Supreme Court Rule 137.

Removal is also appropriate because a cause of action made under state law may arise under the laws of the United States if the right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties. See above paragraph. Also, the Plaintiffs' complaint sounds in abuse of process, a cause of action which is property brought under Section 1982 of the Civil Rights Act, 42 USCS 1983, over which this Court has original jurisdiction.

Finally, jurisdiction might or could arise based upon a complete diversity of citizenship. The Plaintiffs are a Florida corporation and a Florida resident. The Defendants are an Illinois corporation and an Illinois resident. Plaintiffs' Complaint fails to state the amount in controversy.

Attached hereto is a copy of the Summons and Complaint filed by the Plaintiffs. Service was effectuated upon the Defendants on or about May 5, 2008, less than 30 days prior to the filing of this Notice of Removal.

**WHEREFORE,** Defendants hereby remove this litigation from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully Submitted,

s/Ted Bond, Jr.
Attorney for Defendants

Ted Bond, Jr.
Law Offices of Thaddeus M. Bond Jr. & Associates, P.C.
200 N. King Avenue, Suite 203
Waukegan, Illinois 60085
(847) 599-9101
ARDC#06205614

IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT IN AND FOR ORANGE
COUNTY, FLORIDA

LITCHFORD & CHRISTOPHER, )
PROFESSIONAL ASSOCIATION, )
a Florida Professional Services Corporation, )
and HAL K. LITCHFORD, an individual, )
                                                  )
        Plaintiffs,           )
                                                  )
v.                                               )
                                                 )
LEGAL VIDEO SERVICES, INC., )
a Foreign corporation, and )
LAURA DOMINIAK, an individual, )
                                                 )
        Defendants.    )
_____)

CASE NO.: 08CA10045
            # 39

## COMPLAINT FOR DAMAGES

Plaintiffs LITCHFORD & CHRISTOPHER, PROFESSIONAL ASSOCIATION ("L&C") and HAL K. LITCHFORD ("LITCHFORD") sue Defendants LEGAL VIDEO SERVICES, INC. ("LEGAL VIDEO") and LAURA DOMINIAK ("DOMINIAK") and for a cause of action, allege as follows:

    1.    This is an action for abuse of process which seeks damages in excess of $15,000, exclusive of interest, costs, and attorneys' fees.

    2.    Plaintiff L&C is a Florida professional services corporation doing business in Orange County, Florida.

    3.    Plaintiff LITCHFORD is a shareholder of L&C and resides and practices law in Orange County, Florida.

4. Defendant LEGAL VIDEO is an Illinois corporation which performs services in Florida and which has engaged in tortious activity aimed at and directed to Florida residents and entities in Florida.

5. Defendant DOMINIAK is a resident of Illinois who does business in Florida. DOMINIAK is an employee of LEGAL VIDEO, and upon information and belief, an owner or related to an owner of LEGAL VIDEO. DOMINIAK has engaged in tortious activity aimed at and directed to Florida residents and entities in Florida.

6. As stated more fully herein and below, the state of Florida has personal jurisdiction over LEGAL VIDEO and DOMINIAK and venue is proper in Orange County, Florida. LEGAL VIDEO and DOMINIAK have engaged, and continue to engage, in tortious activity directed at L&C and LITCHFORD in the state of Florida, by hiring a process server in Florida, serving illegal, improper, and perverted process in Florida, and causing harm to L&C and LITCHFORD in Orange County, Florida. Because LEGAL VIDEO and DOMINIAK knowingly hired a process server to serve abusive process on L&C and LITCHFORD in Orange County, Florida, they have availed themselves of the privilege of conducting activities within Florida.

7. In 2002, L&C became counsel of record for various defendants owned or controlled by Stanley Tseng ("Tseng") in an action pending in Florida state circuit court. In early 2005, Tseng's trial was set for May of 2005. L&C and LITCHFORD contacted Magnus Graphics, Inc. ("Magnus Graphics"), a Florida corporation based in Broward County, with whom they had had prior dealings in order to inquire as to technical trial support for the Tseng trial. Magnus Graphics was interested in taking the case and sent a contract for execution, a true and correct copy of which is attached hereto as Exhibit "A." Magnus Graphics' contract called for

Tseng to sign as well as L&C in order to guarantee payment by Tseng. L&C and LITCHFORD contacted Magnus Graphics and explained in detail that L&C neither would nor could in no way guarantee any payment for any technical trial support services for the Tseng trial because Tseng was a credit risk and if Magnus Graphics wished to undertake the matter, it would have to look only to Tseng for payment and to obtain as large a pre-trial retainer as possible.

8. Magnus Graphics agreed to this undertaking. Only Tseng signed the contract and Magnus Graphics received a $25,000 retainer directly from Tseng rather than the $5,000 retainer required in the contract.

9. The Tseng trial was scheduled to start on Monday, May 2, 2005. The Thursday beforehand, DOMINAK contacted L&C and informed it that she was covering the trial for Magnus Graphics and would meet them the Friday before the trial in Orlando to obtain all necessary documents and information needed for her services. Neither LITCHFORD nor L&C had ever had any previous contact with LEGAL VIDEO or DOMINIAK. In fact, it was not until during the Tseng trial that L&C even became aware that DOMINIAK did not work for Magnus Graphics, but for LEGAL VIDEO. DOMINIAK represented that Magnus Graphics had subcontracted the work to her and LEGAL VIDEO and that they often did "joint ventures" together.

10. The Tseng trial in Florida lasted for two weeks. The lead counsel for Tseng during the Tseng trial was L&C shareholder G. Steven Fender ("Fender") with LITCHFORD taking a supervisory role. LITCHFORD had very few contacts or dealings with DOMINIAK. Rather, Fender was DOMINIAK's contact with respect to the trial and her dealings with L&C were with Fender, not LITCHFORD.

11. At the conclusion of the Tseng trial, the Court ruled against Tseng on every count and awarded the maximum damages requested by the other parties. This resulted in a fraud judgment in excess of $11 million against Tseng and his entities which to date has remained unsatisfied.

12. DOMINIAK and LEGAL VIDEO submitted their bills to Magnus Graphics who submitted them to L&C on its letterhead to forward to Tseng. This of course reflected what DOMINIAK had represented during the Tseng trial to Fender, to wit that Magnus Graphics had subcontracted the Tseng trial to her and LEGAL VIDEO. L&C transmitted the bills directly to Tseng for payment directly to Magnus Graphics as per their contract, but Tseng was unable to pay them. L&C repeatedly reminded Magnus Graphics that L&C could not be responsible for the bills for the trial and could not force Tseng to pay them and that they needed to look to their substantial retainer for payment. Ultimately, L&C informed Magnus Graphics that it was no longer performing legal services for Tseng and that it should contact Tseng's attorneys in Virginia, where Tseng resided, to inquire as to payment. Tseng was never able to pay Magnus Graphics beyond his $25,000 retainer.

13. During this time, and unbeknownst to L&C or LITCHFORD, LEGAL VIDEO and DOMINIAK began an improper and illegal scheme to try to harass, to punish, and/or to extort payment from L&C knowing full well there was no legal or factual basis for receiving such payment. To this end, LEGAL VIDEO received assignments from Magnus Graphics for any claims Magnus Graphics may have against L&C, even though Magnus Graphics had no contract with L&C, only with Tseng. On the face of the assignments, true and correct copies of which are attached hereto as Composite Exhibit "B," LEGAL VIDEO even paid Magnus Graphics for these assignments, even though it contends it was not paid for its services.

4

14. This was all an improper and illegal scheme by LEGAL VIDEO and DOMINIAK to sue L&C and LITCHFORD in Illinois to harass them and try to extort an improper and illegal settlement from them and/or to punish them financially for not being able to force Tseng to pay the Magnus Graphics bill. After receiving the assignments, LEGAL VIDEO and DOMINIAK initiated a lawsuit in Cook County, Illinois state court against L&C and LITCHFORD for breach of oral contract, quantum meruit, and conversion. LITCHFORD had a minor role in the Tseng trial and very limited dealings with DOMINIAK or LEGAL VIDEO, but LEGAL VIDEO and DOMINIAK caused him to be sued personally simply out of spite, harassment, extortion, and punishment. In connection with that lawsuit, DOMINIAK and LEGAL VIDEO caused legal process to be issued and hired a process server in Orange County, Florida, who subsequently served the summons and complaint upon L&C and LITCHFORD in Orange County, Florida.

15. When L&C and LITCHFORD challenged personal jurisdiction in Illinois, LEGAL VIDEO and DOMINIAK caused DOMINIAK to file a false affidavit in which she averred that more than 50% of her and LEGAL VIDEO's services for the Tseng trial had been conducted, along with all related contacts for such with L&C and LITCHFORD, in and from Illinois. Given the trial was in Florida and no one from L&C had even heard from LEGAL VIDEO or DOMINIAK prior to 4 days before the trial and DOMINIAK appeared in Florida 3 days before the trial, DOMINIAK's sworn statements are utterly false and were made to prolong her and LEGAL VIDEO's intentional and wrongful scheme to sue L&C and LITCHFORD in Illinois. At the outset of the Illinois litigation, DOMINIAK and LEGAL VIDEO knew there was no personal jurisdiction for the claims in Illinois and further knew that the claims had no merit and were only for the purpose of inflicting harassment, extortion, and punishment on L&C and LITCHFORD.

16. The court in Illinois denied the motion to dismiss of L&C and LITCHFORD based upon DOMINIAK's false affidavit and the appeal was denied pending the final trial of the case in Illinois. The appeal was not considered or ruled upon on the merits. As part of the pre-trial procedure in Illinois, the parties were required to appear before a panel of three non-interested and non-party attorneys for a non-binding arbitration hearing. Fender was forced to travel to Chicago for the hearing to appear on L&C's behalf, and DOMINIAK and LEGAL VIDEO caused LEGAL VIDEO to file a motion seeking to compel LITCHFORD himself to appear at the hearing in Chicago as well. After LEGAL VIDEO lost the hearing, its counsel commented afterwards that LEGAL VIDEO had filed the motion simply to harass LITCHFORD.

17. During the non-binding arbitration hearing, the parties were sworn under oath to tell the truth and argued their cases. DOMINIAK testified under oath that she had no written or oral contract with either L&C or LITCHFORD for payment, and had never even discussed payment of any kind with either or with anyone at L&C. DOMINIAK simply testified that she thought it was unfair that L&C did not pay her because it was her custom in Illinois that the law firm guaranteed payment for trial support services. In sum, DOMINIAK admitted under oath that neither she nor LEGAL VIDEO has any cognizable legal claim against L&C or LITCHFORD.

18. Given this testimony, the arbitration panel of three unanimously ruled in favor of L&C and LITCHFORD and awarded LEGAL VIDEO nothing on its claims. A true and correct copy of the arbitration finding is attached hereto as Exhibit "C." Despite admitting under oath that no legal or factual basis exists to impose liability upon L&C or LITCHFORD, DOMINIAK and LEGAL VIDEO caused LEGAL VIDEO to file papers in the Illinois action rejecting the

award and demanding a trial. A true and correct copy of their rejection is attached hereto as Exhibit "D."

19. LEGAL VIDEO and DOMINIAK's actions with respect to issuing and serving their process in Florida against L&C and LITCHFORD was wrongful and part of an illegal and improper scheme to harass L&C and LITCHFORD. LEGAL VIDEO and DOMINIAK's actions are an attempt to extort payment where they know none is legally or factually due, and simply to punish L&C and LITCHFORD financially for not being able to obtain payment from Tseng, by forcing L&C and LITCHFORD to defend a frivolous action out of state where neither has any contacts or dealings. Both LEGAL VIDEO and DOMINIAK have continued to take all actions necessary as alleged herein to continue to cause harassment and damages to L&C and LITCHFORD, which are occurring in Orange County, Florida from where L&C and LITCHFORD must pay its bills to its Illinois counsel and is losing those sums.

20. LEGAL VIDEO and DOMINIAK have made an illegal, improper, and perverted use of process. LEGAL VIDEO and DOMINIAK have an ulterior motive or purpose in exercising the illegal, improper or perverted process of harassment, extortion, and punishment. L&C and LITCHFORD have been damaged in Orange County, Florida as a result of the actions of LEGAL VIDEO and DOMINIAK.

WHEREFORE Plaintiffs LITCHFORD & CHRISTOPHER, PROFESSIONAL ASSOCIATION and HAL K. LITCHFORD pray this Honorable Court will enter judgment in their favor and against Defendants LEGAL VIDEO SERVICES, INC. and LAURA

DOMINIAK, jointly and severally, for damages, costs, interest, and any other relief the Court deems just and proper.

**LITCHFORD & CHRISTOPHER**
Professional Association
Bank of America Center
390 North Orange Avenue
Post Office Box 1549
Orlando, FL  32802
Telephone: (407) 422-6600
Telecopier: (407) 841-0325
Attorneys for Plaintiffs

By: ___*Christine Ho*___
Christine M. Ho
Florida Bar No. 844853
cho@litchfordchristopher.com

Apr 19 2006 4:18PM   HP LASERJET FAX                                     p.3

## ASSIGNMENT OF ALL CLAIMS

For and in consideration of the payment of Five Thousand and no/100 dollars ($5000.00), the undersigned, being of lawful age, does hereby assign to Legal Video Services, Inc., an Illinois corporation, any and all actions, causes of action, claims, demands, damages, costs, expenses and compensation, on account of, or in any way growing out of, any and all known and unknown injuries and damage resulting or to result from services provided to Litchford and Christopher, P.A., a Florida professional association, in the matter of Wu vs. Tseng.

It is expressly understood and agreed that the above-named sum paid is the sole consideration for this assignment of all claims, and in making this agreement it is understood and agreed that the undersigned rely upon the undersigned's own judgment, belief, and knowledge of the nature, extent and duration of any alleged damages, and that the undersigned have not been influenced to any extent whatever in making this assignment by any representations or statements regarding said alleged damages.

This assignment contains the entire agreement between the parties hereto, and the terms of this assignment are contractual and not a mere recital. The undersigned has carefully read this assignment, fully understands it, and signs this as the free and voluntary act of the undersigned.

Witness our hands and seals this 27th day of April, 2006.

_____
David H. Fauss, President
Magnus Graphics, Inc.


Subscribed and sworn to before me
this 27 day of April, 2006.

_____
Notary Public

James A Carstens
My Commission DD249337
Expires September 21, 2007

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MANDATORY ARBITRATION PROGRAM
FIRST MUNICIPAL DISTRICT

PLAINTIFF: LEGAL VIDEO SERVIC     ====>
                                  ====>
                V.                ====>     CASE NUMBER: 06-M1-139093
                                  ====>
DEFENDANT: LITCHFORD HAL K        ====>     IN ARBITRATION

NOTICE OF AWARD

On the 12th day of March, 2008, the award of the arbitrators dated March 12th, 2008, a copy of which is attached hereto, was filed and entered of record in this Cause. A copy of this NOTICE has on this date been sent by regular mail, postage prepaid, addressed to each of the parties appearing herein, at their last known address, or to their attorney of record.

Dated this 15th day of March, 2008.

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Exhibit "C"

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
FIRST MUNICIPAL DISTRICT-CIVIL-DIVISION

ALL PARTIES INVOLVED AND OR ATTORNEY OF RECORD FOR MAILING

ADLER MURPHY MCQUILLEN
1 N.S LASALLE #2300
CHICAGO    IL    60602
CASE  06-M1-139093

THADDEUS M BOND JR & ASSO
200 N UTICA ST #203
WAUKEGAN    IL    60085
CASE  06-M1-139093

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
FIRST MUNICIPAL DISTRICT-MANDATORY ARBITRATION

LEGAL VIDEO SERVIC/ETAL
  Plaintiff(s),
v.                                                No. 06-M1-139093

LITCHFORD HAL K/ETAL
  Defendant(s).

[X] All parties participated in good faith.

[ ] _____ did NOT participate in good faith based upon the following findings: _____

We the undersigned arbitrators, having been duly appointed and sworn (or affirmed), make the following award:

**FOR DEFENDANT**

In addition to the above award, costs in the amount of $ ____0____ itemized as follows: _____
_____ are awarded to _____

The arbitration hearing began at __2:03 p.m.__ and ended at __3:20 p.m.__ on MARCH 12, 2008.

PLEASE LIST ALL PARTIES NOT PRESENT

**If a party is represented by counsel, he/she is deemed present.

1. _____                                    Chairperson [signature]
2. _____                                    Arbitrator [signature]
3. _____                                    Arbitrator [signature]

_____ Dissents as to the Award.

19245 PLACED ON JUDGMENT ON AWARD OR ASSIGNMENT CALL ON MAY 16, 2008 9:00 AM IN ROOM 1501 OF THE RICHARD J. DALEY CENTER.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

3601 (This form replaces CCMD-0631-2 thru 6 and CCM1 135)

(Rev. 2/2/01) CC

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MANDATORY ARBITRATION PROGRAM
First _____ MUNICIPAL DISTRICT

Legal Video Services, Inc.

v.

Hal K. Litchford and Litchford and Christopher, P.A.

NO. 06-M1-139093

IN ARBITRATION

RECEI
APR 1 8
Litchford & Christo

## NOTICE OF REJECTION OF AWARD

To: DOROTHY BROWN, Clerk of the Circuit Court of Cook County, IL

NOTICE IS GIVEN THAT Plaintiff (Plaintiff/Defendant) rejects the Award of the Arbitrat entered in this cause on 3 / 12 / 08 and requests a trial before the court.

Atty. No. 34308
Name: Ted Bond, Jr.
Attorney for: Plaintiff
Address: 200 N. King Ave., Suite 203
City/Zip: Waukegan, IL 60085
Phone: (847) 599-9101

### PROOF OF SERVICE

On April 4, 2008, I, Ted Bond, Jr. _____ on oath state that

☐ I served this notice by delivering a copy personally to all parties of record.

☒ I served this notice by mailing a copy to all parties of record and depositing the same in the U.S. Mail at 200 N. King Ave., Waukegan _____, Illinois with the proper postage prepaid

Subscribed and sworn to before me on this 4th day of April, 2008

_[signature]_
Notary Public

Official Seal
Lori A Strang
Notary Public State of Illinois
My Commission Expires 07/21/2009

Circuit Clerk

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

SCANNED

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

LITCHFORD & CHRISTOPHER, )
PROFESSIONAL ASSOCIATION, )   CASE NO.: 08CA 10045
a Florida Professional Services Corporation, and )
HAL K. LITCHFORD, an individual, )   #39
)
Plaintiffs, )
)
v. )
)
LEGAL VIDEO SERVICES, INC., )
a Foreign corporation, and )
LAURA DOMINIAK, an individual, )
)
Defendants. )
_____)

### SUMMONS:

TO:   Laura Dominiak
      3180 N. Lake Shore Drive, #21-D
      Chicago, IL 60657

### PERSONAL SERVICE
### ON AN INDIVIDUAL

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy or a photocopy of your written response to the Plaintiff's Attorney named below:

**THE STATE OF FLORIDA:**

**To Each Sheriff of the State:**

You are commanded to serve this summons and a copy of the complaint in this lawsuit on defendant(s):

Laura Dominiak
3180 N. Lake Shore Drive, #21-D
Chicago, IL 60657

Dated on May 1st, 2008.

CLERK OF THE CIRCUIT COURT
LYDIA GARDNER

By: _____
Deputy Clerk

**LITCHFORD & CHRISTOPHER**
Professional Association
Bank of America Center
390 North Orange Avenue
Post Office Box 1549
Orlando, Florida 32802
Telephone: (407) 422-6600
Telecopier: (407) 841-0325
Attorneys for Plaintiff

By: _____
Christine M. Ho
Florida Bar No. 844853
cho@litchfordchristopher.com

If you are a person with a disability who needs accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration at 425 North Orange Avenue, Suite 2130, Orlando, FL 32801, telephone (407) 836-2303, within two (2) working days of your receipt of this described notice. If hearing impaired, (TDD) 1-800-955-8771, or Voice (V) 1-800-955-8770, via Florida Relay Service.